UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

D'ANGELO KEY,

                Plaintiff,

      v.                                                              Case No. 20-cv-1821-bhl

MATTHEW SCULLION, et al.,

                Defendants.

---

## SCREENING ORDER

---

D'Angelo Key, who is currently serving a state prison sentence at the Wisconsin Secure Program Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Key's motion for leave to proceed without prepaying the full filing fee and for screening of the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Key has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Key has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.88. Key motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure

and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS

Key was an inmate at Wisconsin Secure Program Facility (WSPF). Dkt. No. 1, ¶2. Defendants Matthew Scullion, Ryan Meyers, Eagleberger, Mesmer, and Collins are correctional officers at WSPF. *Id*., ¶¶3-5.

On February 28, 2020, WSPF conducted a mass shakedown of the institution. *Id*., ¶¶7-8. Scullion went to Key's cell and told him to come out of the cell so staff could search it. *Id*., ¶9. Key refused because he did not feel safe—Keys allegedly had a "situation" with Scullion in the past. *Id*., ¶¶10-11. Scullion "disregarded" Key's concern about his safety and came back with a "use of force team" to force Key to leave his cell and go to the strip-search cell. *Id*., ¶¶12-14, 16.

On the way to the strip-search cell, Scullion told Key that he had forfeited his right to a "visual" strip-search; he would instead have to comply with a "staff-assisted" strip search, which involves a correctional officer using his hands to inspect the penis, scrotum, armpits, hair, mouth, ears, and anal cavity. *Id*., ¶¶15-16, 19. Keys stated several times that he would comply with a "visual" strip-search but Scullion responded that he had "lost the right." *Id*., ¶¶17-18, 20.

Keys complied with a staff-assisted strip search, and at the end of the search, Key tried to get onto his feet. *Id*., ¶22. Scullion then instructed Meyers to conduct another anal cavity search. *Id*. Key asked why he had to submit to a second anal cavity search, but Scullion simply directed staff to forcefully bend him over. *Id*., ¶¶23-24. Meyers then "used his fingers to circle around the inside of Keys anus." *Id*., ¶¶25-26. At some point during the second anal cavity search, Scullion instructed Meyers to stop the search but Meyers "continued to fondle [his] anus." *Id*. Keys states that Meyers and Scullion were trying to sexually degrade him and humiliate him because the second search was completely unnecessary given that he had just submitted to one a few moments earlier; Key describes the incident as an "assault." *Id*., ¶27. Eagleberger, Mesmer, and Collins were standing there during the incident and could have intervened to prevent the "assault" but failed to do so. *Id*., ¶¶27-29. For relief, Key seeks monetary damages.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Key asks to proceed with the following claims: (1) a First Amendment retaliation claim against Scullion and Meyers; (2) an Eighth Amendment deliberate indifference claim against Scullion, Meyers, Eagleberger, Mesmer, and Collins; and (3) an Eighth Amendment excessive force claim against Scullion, Meyers, Eagleberger, Mesmer, and Collins. Dkt. No. 1 at 4-5.

Key does not explain the basis of his First Amendment "retaliation" claim or his Eighth Amendment "deliberate indifference" claim. It's unclear how the facts alleged in the complaint give rise to either of those claims. Key therefore cannot procced with either of those claims.

To state an Eighth Amendment excessive force claim, Key must allege that the defendants applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Rice ex rel. Rice v. Corr. Med. Servs*., 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. *Whitley v. Albers*, 475 U.S. 312, 321 (1986*); Rice*, 675 F.3d at 668. A "prisoner need not

3

show a 'significant injury' in order to have a good claim under the [E]ighth [A]mendment, if a guard inflicted pain maliciously or sadistically." *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing *Hudson*, 503 U.S. at 7).

Key states that Scullion and Meyers conducted an unnecessary and forceful second anal cavity search for the purpose of sexually degrading him and humiliating him. He states that they "fondled" his genitals for no reason. Key further states that this use of force was completely unnecessary because he had just submitted to anal cavity search. Key states that Eagleberger, Mesmer, and Collins saw the "assault" and could have intervened to prevent it but failed to do so. It may be that there was a legitimate penological reason for the second anal cavity search, but at this early stage of the litigation, Key's allegation that the defendants were trying to degrade him and humiliate him is enough to state an Eighth Amendment excessive force claim against Scullion and Meyers and a failure to intervene claim against Eagleberger, Mesmer, and Collins.

## Conclusion

The Court finds that that Key may proceed with an Eighth Amendment claim that Scullion and Meyers used excessive force during a staff-assisted strip search on February 28, 2020; and that Eagleberger, Mesmer, and Collins failed to intervene to prevent the unjustified use of force.

**IT IS ORDERED** that Key's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**. Key must submit payment for the remainder of the filing fee (**$339.12**) as he is able.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Key's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  All other plaintiffs must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Key is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 17th day of February, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge